IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF RUTHERFORD, | ) Case No. 10-5756 SC |
| | ) |
| | ) ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) MOTION FOR LEAVE TO AMEND |
| | ) |
| v. | ) |
| | ) |
| M/V ENTERPRISE, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

Now before the Court is Plaintiff Jeff Rutherford's ("Plaintiff") motion for leave to amend his complaint. ECF No. 33 ("Mot."). Defendant Sort Well, Inc., dba AMNAV Maritime Services ("Defendant"), filed an opposition and Plaintiff filed a reply. ECF Nos. 77 ("Opp'n"), 79 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument. For the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

This case arises out of injuries Plaintiff sustained on December 18, 2007, as a result of an incident on board the vessel

1  M/V Enterprise.  Plaintiff alleges that he was employed by
2  Defendant as a seaman at the time of his injuries.  On December 17,
3  2010, Plaintiff filed this action, alleging causes of action for
4  (1) Jones Act Negligence, (2) breach of warranty of seaworthiness,
5  and (3) maintenance and cure and unearned wages.  ECF No. 1
6  ("Compl.").

7  On March 30, 2011, Defendant filed an Answer to Plaintiff's
8  Complaint, denying, among other things, Plaintiff's allegation that
9  he was at all relevant times a seaman within the meaning of the
10 Jones Act and the General Maritime Law.  ECF No. 11 ("Answer") ¶ 2;
11 Compl. ¶ 2.  Defendant also asserted the affirmative defenses that
12 Plaintiff is not Jones Act seaman and that Plaintiff's exclusive
13 remedy is under the Longshore and Harbor Workers' Compensation Act
14 ("LHWCA").  Answer at 7.

15 On April 15, 2011, the Court issued a scheduling order setting
16 the trial for February 13, 2012 and setting the last hearing date
17 for motions for December 9, 2011.  ECF No. 16 ("Scheduling Order").
18 On January 30, 2012, Plaintiff filed the instant motion, seeking to
19 amend his complaint to assert a new alternative basis for his
20 negligence claim against Defendant under the LHWCA.  Mot. at 1-2.
21 Plaintiff claims that the new cause of action is pled to mirror his
22 original cause of action for Jones Act negligence.  Id. at 6.
23 Thus, under the amended complaint, if the jury were to find
24 Plaintiff was not a seaman, but a harbor worker, Plaintiff would
25 still be able to state a claim for negligence.
26 ///
27 ///
28 ///

2

## III. DISCUSSION

The Court DENIES Plaintiff's motion for leave to amend his Complaint as untimely. Plaintiff has been on notice that Defendant disputed his seaman status since Defendant's Answer was filed in March 2011, over ten months ago. Plaintiff did not file his Motion until January 30, 2012, almost two months after the last hearing date set for motions and only a few days before trial.

Federal Rule of Civil Procedure provides that leave to amend should be freely given when justice so requires, but, in the instant action, amendment could result in significant prejudice to Defendant. If the Court were to grant Plaintiff's Motion, Defendant would have little time to prepare for Plaintiff's new LHWCA claim and would be deprived of the opportunity to conduct relevant discovery.

Plaintiff argues that his amendment would add nothing to the case. Mot. at 6. The Court disagrees. The addition of a LHWCA claim would introduce a new set of factual and legal issues. For example, Section 905(b) of the LHWCA, bars negligence claims by persons employed to provide shipbuilding, repairing, or breaking services. If Plaintiff were allowed to amend his Complaint on the eve of trial, Defendant might not be able to fully prepare a defense under Section 905(b). Further, entities such as Defendant owe different duties to seamen and longshoremen. As Plaintiff points out, some of these duties overlap. However, they are not identical. Defendant has not had the opportunity to find experts or conduct discovery relevant to its duties under the LHWCA.

///
///

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff Jeff Rutherford's motion for leave to amend.

IT IS SO ORDERED.

Dated: February 8, 2012     

                                 UNITED STATES DISTRICT JUDGE